■ VICTOR LAFONTANT, Respondent, v HOLLYMATIC CORP., Defendant and Third-Party Plaintiff-Appellant. WILTON CATERERS, INC., Third-Party Defendant. [626 NYS2d 267] —In an action to recover damages, *inter alia,* for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated May 28, 1993, as denied its cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the course of her employment by Wilton Caterers, Inc., the plaintiff caught hamburger patties as they fell from a Super Model 54 Food Portioning Machine which was manufactured by the appellant. The plaintiff then placed the patties on a tray. As manufactured, the machine had a wire guard covering the top of the operational part of the machine and the underside of the guard had an opening which permitted the patty to drop from the inside of the machine. After Wilton purchased the machine from the appellant, Wilton modified the machine by adding a steel skirt to the bottom of the manufacturer's guard. The opening at the bottom of Wilton's skirt was smaller than the opening on the manufacturer's guard. Wilton modified the guard because another employee had been injured prior to the plaintiff. The plaintiff's finger was partially amputated when she placed her hand below the guard to catch the patty and, somehow, her finger got caught in the inner workings of the machine.

It is undisputed that the machine was equipped with a paper feed, that the paper feed was not functioning at the time of the accident, and that the Wilton employees never used the paper feed. It is also undisputed that the use of the paper feed would have eliminated the need for the plaintiff to catch the patties because the patties would stack up with papers between each patty and then the plaintiff could pick up the stack and transfer it to a tray.

On the record before this Court, there are numerous issues precluding summary judgment, including (1) the cause of the inoperability of the paper feed and whether its inoperability was a proximate cause of the plaintiff's injuries; (2) whether the machine, which had only an optional conveyor belt, was

purposefully designed to permit its operation even when the paper feed was not operating and whether it was reasonably foreseeable that under such circumstances the machine would be used with a person catching the patties; (3) whether Wilton's addition of a metal skirt was a substantial modification which materially altered the machine and destroyed the functional utility of the manufacturer's guard; and (4) whether that modification was a proximate cause of the plaintiff's injuries *(see, Robinson v Reed-Prentice Div.,* 49 NY2d 471; *Johnson v Johnson Chem. Co.,* 183 AD2d 64). Mangano, P. J., Miller, Pizzuto and Santucci, JJ., concur.